## HOLBROOKE v. HARRINGTON.

### No. 18,198; March 28, 1894.

#### 36 Pac. 365.

**Mining Claims—Tenants in Common—Contribution.**—One tenant in common of a mining claim is bound to contribute his proportion of the value of the yearly work required to be done thereon to perfect title, and performed by his cotenant, unless he abandons his interest in the unpatented claim, or offers to perform the work.

**Mining Claim.**—Where, in Partition by One Tenant in Common of a mining claim, on an accounting for money spent upon the land in excess of her share, no personal judgment is rendered against the other tenant, but the property is ordered to be sold, plaintiff should be allowed the full amount of the sums properly paid out, instead of only one-half, before the residue is divided.

**Mining Claim—Partition.**—Where, in Such an Action, the amount allowed is less than plaintiff is entitled to, being for one-half the amount paid out, error in allowing improper credits is harmless.

APPEAL from Superior Court, Nevada County; John Caldwell, Judge.

Action by Ellen E. Holbrooke against Caleb Harrington. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Walling for appellant; P. F. Simonds for respondent.

VANCLIEF, C.—Action for partition of a tract of placer mineral land containing about twenty-five and one-half acres, situate in Nevada county, in which the plaintiff and defendant are tenants in common, in equal portions, and for an accounting as to expenditures by plaintiff upon and for the benefit of the land, in excess of her share. It appears that prior to the year 1883 the land was owned and mined in equal shares by defendant and the husband of plaintiff, Daniel P. Holbrooke; that upon the death of Daniel P. Holbrooke, in 1883, his share and interest in the land descended to plaintiff, as his only heir, and was afterward distributed to her by the probate court. And there is no question that she and defendant have been tenants in common, as aforesaid, since the death of her husband, though the defendant denied that they were ever part-

ners in the working or mining of the land; nor does it appear that defendant opposed a partition. The only questions presented here relate to the accounting. The court found that it was impracticable to partition the land by metes and bounds, and therefore ordered a sale thereof. The court found that plaintiff had expended ''in acquiring the title to said premises, and in necessary expenditures for taxes and annual labor and improvement on said claim since March 1, 1883, the sum of $1,005.75, and defendant no sum whatever, and that defendant refuses to repay to plaintiff any portion of said sum of $1,005.75 so expended by her, or to account to her for any portion thereof.'' In the order of sale the court directed the proceeds of the sale to be applied as follows: '' (1) To the payment of the costs and expenses of said sale and of this action, including attorney's fees allowed. (2) That there next be paid to said plaintiff, out of the proceeds of said sale, the sum of $502.85, being one-half of said sum of $1,005.75 paid by said plaintiff as aforesaid, in acquiring the title to said premises, and in necessary expenditures for taxes and annual labor and improvements on said claims. (3) That the rest and residue of the proceeds of said sale be divided equally between plaintiff and defendant.'' The defendant appeals from the judgment and from an order denying his motion for a new trial.

There seems to be no merit in the appeal, though appellant claims a reversal of the judgment on two grounds:

1. It is contended that ''the judgment is against law,'' because, it is said, the sum of $502.85 allowed to plaintiff from the proceeds of the sale improperly includes $200 for annual labor done by plaintiff on the unpatented portion (ten acres) of the land for the years 1890 and 1891. The evidence, without conflict, shows that plaintiff did the annual labor required by the laws of the United States—$100 a year—for each of the nine years immediately preceding the commencement of this action, amounting to $900, and is amply sufficient to prove that she did such work, during the first seven of said nine years, under an express agreement with defendant that he would pay her for one-half of the work. In 1890 plaintiff, for the purpose of working and mining the claims for a profit, in addition to the annual labor required by law, erected thereon hoisting works and machinery of the value of $3,500,

and sunk or repaired a shaft. At or about the time this work was commenced, the defendant caused a written notice to be posted on the mine, stating that he was the owner of an undivided one-half of the mine, and that he would not be "responsible for the payment of any sum or sums due, or hereafter to become due, for any labor done upon or materials furnished, to be or actually used upon said mine, by any person whatever; that E. E. Holbrooke, who is now working said mine, is not authorized to incur any obligation for or on my behalf, nor in any way to encumber or cause to be encumbered, or taken as security, my interest in said mine, or any part thereof, for any labor done for her, or at her instance, or for any materials of any kind or supplies furnished at her instance, and used on said mine." It is claimed that this notice absolved the defendant from all obligation to contribute to the annual labor required by law to be done on the unpatented ten acres for the years 1890 and 1891, but I think this is a mistake. The defendant was bound to contribute one-half of the value of that work, unless he preferred and offered to do his portion of the work, or abandon his interest in the unpatented portion of the claims, neither of which he did, as appears by the notice, and his answer to the complaint. Besides, under the circumstances, the obvious object of the notice was merely to prevent his liability for the proposed work or improvements by plaintiff in excess of the annual labor required by law; and it seems the plaintiff so understood the notice, for she has charged him nothing for the improvements made for the purpose of working the mine, and by the decree she is allowed to remove the hoisting works, valued at $3,500.

2. It is claimed that $106.50, for money expended by plaintiff in proceedings to obtain a patent for the unpatented ten acres, is improperly included in the $502.85 allowed to plaintiff by the decree. These expenses were incurred and paid by plaintiff under an agreement between her and an agent of the defendant (defendant being out of this state), authorized in writing "to look after and defend my [defendant's] interest" in the whole of said mining claim, and having "full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes, as I [defendant] might or could do if personally present." It is contended

that this instrument did not authorize the agent to make the agreement for defendant to join plaintiff in the application for a patent, and to pay half the expenses thereof. But it is unnecessary to decide this question, since the $502.85 allowed to plaintiff from the proceeds of the sale is $195.40 less than she was entitled to, according to the findings of fact, which are not excepted to; that is, after deducting the $200 for annual labor in 1890 and 1891, and the $106.50 for expenses of proceedings for patent from the sum of $1,005.75, which she is found to have expended altogether, there remains $698.25, which should have been paid her from the proceeds of the sale before a division of the residue. As there was no personal judgment against the defendant, the plaintiff should have been allowed from the proceeds of the sale all she had properly and necessarily expended for the preservation of the claims, before any division of the residue. But, instead of this, the court, after having found that she had properly ex-pended $1,005.75, ordered that she be paid only $502.85, "being one-half of said sum of $1,005.75 paid by said plaintiff as aforesaid." By this mistake in the judgment the plaintiff is allowed nothing for what she is found to have expended on defendant's account. It is not denied that she did the annual labor required by law for each of the seven years prior to 1890, and all the taxes. For this she was entitled to retain from the proceeds of the sale over $700. It is very plain that there is no error in the judgment, to the prejudice of defendant, and therefore, that the order and judgment should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.